

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 05-50452 |
| Plaintiff - Appellee, | D.C. No. CR-02-00372-DDP-01 |
| v. | |
| LYNNE MEREDITH, a/k/a BONITA LYNNE MEREDITH, LYNNE MERIDITH, LYNN MERIDITH and LYNN MEREDITH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 05-50457 |
| Plaintiff - Appellee, | D.C. No. CR-02-00372-DDP-4 |
| v. | |
| TERESA MANHARTH GIORDANO, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 05-50473 |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

|  |  |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-02-00372-DDP-02 |
| v. | |
| GAYLE BYBEE, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted April 9, 2012
Pasadena, California

Before: KLEINFELD and M. SMITH, Circuit Judges, and MARBLEY, District Judge.[**]

Defendants-Appellants Lynne Meredith, Teresa Manharth Giordano, and Gayle Bybee appeal their jury convictions and sentences for conspiracy to defraud the United States, mail fraud, false representation of a Social Security number, passport fraud, and failure to file income tax returns. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Because the parties are familiar with the factual and procedural history of this case, we do not recount additional facts, except as necessary to explain our

---

[**] The Honorable Algenon L. Marbley, District Judge for the U.S. District Court for the Southern District of Ohio, sitting by designation.

2

decision. In a separate opinion, we address the sufficiency of the evidence, the indictment's use of misdemeanor crimes as overt acts for the conspiracy count, the jury instruction regarding failure to file taxes, and the district court's restitution orders. We affirm Defendants-Appellants' other arguments reviewed in this Memorandum.

Meredith raises dozens of claims of error, some of which she fails to support with substantive argument or case citations. These claims violate Federal Rule of Appellate Procedure 28(a)(9)(A)'s requirement that appellants support their "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Therefore, we decline to address these abandoned arguments. *See United States v. Williamson*, 439 F.3d 1125, 1138 (9th Cir. 2006) ("[I]ssues raised in a brief which are not supported by argument are deemed abandoned.") (internal quotation marks and citation omitted).

The indictment is sufficient because it contains the elements of the offenses charged, fairly informs the defendants of the charges against which they must defend, and enables them to plead an acquittal or conviction in bar of future prosecutions for the same offense. *See United States v. Lazarenko*, 564 F.3d 1026, 1033 (9th Cir. 2009).

3

Defendants-Appellants' rights under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, were not violated. The court was required to begin the trial within 70 days of the defendants' first court appearances. But the Speedy Trial Act allows the court to exclude many types of delay from the 70-day calculation. 18 U.S.C. § 3161(h). Here, the district court did not err in concluding that, at most, 65 days of delay could not be excluded.

Giordano incorrectly argues that she was denied a fair trial because she did not have access to potential jurors' tax information from the IRS because the statute on which she relies, 26 U.S.C. § 6103(h)(5), was repealed on August 5, 1997 with respect to all "judicial proceedings commenced after the date of enactment." Pub. L. No. 105-34, § 1283(c), 111 Stat. 1038.

Defendants-Appellants have not demonstrated that the admission of the testimony of Robert Sommers, the exclusion of testimony of Joseph Bannister, or admission of customer complaint letters were "both erroneous and prejudicial." *Wagner v. County of Maricopa*, 673 F.3d 977, 980 (9th Cir. 2012).

The district court did not abuse its discretion by declining to provide Meredith's Jury Instruction Nos. 4 and 10 because, based on the record, they were never actually proposed. The district court did not abuse its discretion by declining to provide Joint Proposed Instruction Nos. 3, 4, and 19 because defense counsel

4

withdrew them. The district court did not abuse its discretion by declining to provide Joint Proposed Instruction Nos. 1, 2, 6, 11, and 16 because the court provided nearly identical instructions. The district court did not abuse its discretion by declining to provide Joint Proposed Instruction Nos. 5, 9, 10, 12, 17, and 18 because they were incorrect statements of the law. The district court did not abuse its discretion by declining to provide Joint Proposed Instructions No. 7, 13, and 20 because the proposals were subsumed in other instructions that the court provided.

We reject the claims of prosecutorial misconduct, which were not raised below, because Defendants-Appellants have not demonstrated that "the prosecutor's improper conduct so affected the jury's ability to consider the totality of the evidence fairly that it tainted the verdict and deprived [them] of a fair trial." *United States v. Mitchell*, 502 F.3d 931, 995–96 (9th Cir. 2007).

The district court correctly calculated that under U.S.S.G. § 2T1.1, Meredith's guidelines range was 97 to 121 months. The court therefore did not abuse its discretion by sentencing her to 121 months in prison. *See United States v. Carty*, 520 F.3d 984, 988 (9th Cir. 2008) (en banc) ("[A] correctly calculated Guidelines sentence will normally not be found unreasonable on appeal.").

We reject Meredith's claims of judicial misconduct because she has not demonstrated that there was any judicial misconduct or bias, or that reversal is "necessary to prevent a miscarriage of justice or to preserve the integrity and reputation of the judicial process." *United States v. Bosch*, 951 F.2d 1546, 1548 (9th Cir. 1991).

**AFFIRMED.**